Filed 9/6/16  Certified for Publication 9/20/16 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>v.<br><br>J.G.,<br><br>     Defendant and Appellant. | A147463<br><br>(Contra Costa County<br>Super. Ct. No. J09-01675) |

Defendant appeals from a juvenile court order finding that his probation terminated "unsuccessfully" because he failed to pay restitution ordered as a condition of probation. We shall reverse the order upon concluding that unpaid restitution debts do not foreclose a finding of satisfactory completion of probation. (Welf. & Inst. Code, § 786, subd. (c)(2).)[1]

**Statement of Facts and Juvenile Court Proceedings**

Defendant was 17 years old in January 2011 when he committed a residential burglary. (Pen Code, §§ 459, 460, subd. (a).) He was adjudged a ward of the juvenile court and placed in a youth rehabilitation center for nine months. (§ 602, subd. (a).) Defendant was ordered to pay victim restitution of $2,100 and a restitution fine of $100. (§ 730.6, subds. (a)(2)(B), (b)(1).)

---

[1] All further section references are to the Welfare and Institutions Code, except as indicated.

1

Defendant arrived at the youth rehabilitation center in April 2011 and was granted early release in September 2011, graduating from the program in six months. In a later report to the court, a probation officer stated: "According to institutional records and staff, [defendant's] adjustment to the program was very good. [He] abided by institutional rules; he adhered to staff directions; he interacted well with his peers; and he performed well in school. As part of his therapeutic treatment plan at the [center], [defendant] participated in anger management, impact of crime on victims, life skills, and substance abuse programs."

Defendant returned home. It was reported at a December 2011 review hearing that defendant "has fully complied with the conditions of his probation. . . . [¶] Regarding his adjustment at home, his attitude and behavior have been good according to his mother. [She] reports that [defendant] had been following her rules, completing household chores, abiding by his curfew, and contributing to household expenses. Each time [the probation officer] has spoken to [defendant's mother], she has related nothing but positive information regarding her son's conduct at home. [¶] As to school, [defendant] has been participating in the GED program" and "hopes to take his GED examination within the next few months." He has been working part time in a restaurant. "As to his other conditions of probation, [defendant] has been drug tested on a regular basis and has not tested positive for any illicit substances. [Defendant] has reported to probation as directed and he has been available for home visits. According to probation records, he has not committed any new law violations." Defendant had not yet paid restitution but said he "expects to begin making payments in the near future." The probation officer concluded by noting defendant's "positive adjustment in the community." As recommended by the probation department, the court ordered defendant's parole "terminated successfully" and maintained his wardship. The order was issued on December 29, 2011, when defendant was age 18.

No further proceedings were had until a January 26, 2016 review hearing, when defendant was age 22. The probation department filed a report asking for termination of

wardship because defendant's age put him beyond the jurisdiction of the juvenile court.[2] The report stated that defendant "perform[ed] well in the community" from the time of the 2011 review hearing to date. Defendant "continued to follow his parents' rules at home, obtained his GED," "obtained employment" at a restaurant, and was free of any law violations. Defendant had not paid restitution.

At the hearing, defendant's counsel asked the court to vacate wardship and "dismiss successfully," arguing that unpaid restitution was not a basis for finding unsuccessful completion of probation. Counsel relied upon section 786, subdivision (c)(2), which provides: "An unfulfilled order or condition of restitution, including a restitution fine that can be converted to a civil judgment under Section 730.6 or an unpaid restitution fee shall not be deemed to constitute unsatisfactory completion of supervision or probation . . . ." The prosecutor argued that the restitution order could not be converted to a civil judgment "at this point in time," when defendant was over 21 years old, so restitution remained an "unfulfilled" condition of probation preventing a finding that probation was successfully completed. The court appears to have accepted the prosecutor's argument and, believing it had no authority to issue a civil judgment, found it had no authority to find a successful completion of probation. The court stated, "if I have the authority to issue an abstract of judgment, I can make it successful" but "if I don't have authority for an abstract of judgment, it will be unsuccessful completion." Defense counsel, apparently believing the court had no authority to issue a civil judgment for the unpaid restitution, presented an estoppel argument. Counsel maintained that defendant should not be penalized by the probation department's failure to set a review hearing before defendant turned age 21, when the court "still had jurisdiction" to convert the restitution orders to a civil judgment and terminate defendant's probation successfully. The court was not persuaded: "I'm going to terminate probation unsuccessfully. There have been no attempts to make payments. He's had extra years to

_____

[2] The juvenile court, with limited exceptions, loses jurisdiction over a ward who reaches the age of 21 years. (§ 607, subd. (a).)

make those payments and nothing has been paid. He knew that was an obligation of probation. [¶] So the probation is terminated unsuccessfully. The wardship is vacated. That closes the case."

## Discussion

Defendant contends the juvenile court erred by ruling that his probation terminated unsuccessfully. Consideration of the contention requires, as an initial matter, clarification of the meaning and consequences of an order issued at the end of a term of probation that adjudicates its completion to be unsuccessful or unsatisfactory. When referring to the completion of probation, judges and litigants often use the terms "successful" and "satisfactory" interchangeably. But the terms are not always interchangeable and even the same term can have different statutory definitions. Differing statutes require that care be taken to identify the statute at issue, use the correct statutory term, and apply the definition specific to that statute to avoid confusion as to the nature of the court's finding and its effect.[3]

The juvenile court's minute order terminated probation "unsuccessfully" without statutory citation. It is clear, however, that the finding relates to section 786, which was the central topic of discussion at the review hearing. Section 786, subdivision (a), uses the term *satisfactory* completion of probation, and we shall use that term here when referring to the juvenile court's finding.

Satisfactory completion of probation under section 786 "shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation and if he or she has not failed to substantially comply with the reasonable orders of supervision or probation that are within his or her capacity to perform." (§ 786,

---

[3] For example, Penal Code section 290.46, subdivisions (e)(2)(D)(i) and (e)(2)(D)(iv) provides that a convicted sex offender may apply for exclusion of his or her identity from the Internet if the offender "successfully completed probation," defined as completing the term of probation without being incarcerated for a probation violation nor convicted of another offense resulting in incarceration. Freedom from incarceration marks a "successful" completion under that statute without regard to other conditions.

4

subd. (c)(1).) Satisfactory completion of probation under section 786 has significant benefits for a juvenile offender. A minor who satisfactorily completes probation is entitled to have the petition of wardship dismissed and the records pertaining to the petition sealed. (§ 786, subd. (a).) With satisfactory completion of probation, "the arrest and other proceedings in the case shall be deemed not to have occurred and the person who was the subject of the petition may reply accordingly to any inquiry by employers, educational institutions," and others. (§ 786, subd. (b).)

The only ground offered by the prosecution for finding unsatisfactory completion of probation was unpaid restitution. As noted earlier, an "unfulfilled order or condition of restitution, including a restitution fine that can be converted to a civil judgment . . . or an unpaid restitution fee shall not be deemed to constitute unsatisfactory completion of supervision or probation." (§ 786, subd. (c)(2).) On its face, the statute seems to provide that an unfulfilled restitution order does not constitute unsatisfactory completion of probation under any circumstance, as the statute includes, but does not limit its reach, to orders that can be converted to a civil judgment. However, the parties read the provision to state that an unfulfilled restitution order shall not be deemed to constitute unsatisfactory completion of probation *if and only if* the order can be converted to a civil judgment. The juvenile court was operating under that interpretation when it found—at the prosecutor's urging—that the court lost jurisdiction to enter a civil judgment when defendant turned 21, thus leaving defendant's obligation to pay restitution unsatisfied and completion of probation unsatisfactory. The prosecutor and court were mistaken on this jurisdictional point, as the Attorney General concedes on appeal.

A juvenile court's authority to issue an abstract of judgment commanding payment of a restitution order does not end on the defendant's 21st birthday. (*In re Keith C.* (2015) 236 Cal.App.4th 151, 155-157; *In re J.V.* (2014) 231 Cal.App.4th 1331, 1335-1336.) "[I]f a juvenile court enters a valid restitution order when the juvenile is under 21—at a time when the court indisputably has jurisdiction—that order remains enforceable beyond the period of wardship in the same manner as any civil judgment." (*In re Keith C., supra,* at

5

p. 157.) The juvenile "court has continuing authority to enforce a prior, validly issued order." (*Ibid.*)

Thus, the different possible interpretations of section 786, subdivision (c)(2), noted above, are immaterial in this case. It makes no difference whether the statute is read to allow for satisfactory completion of probation when there is an unpaid restitution order or to allow satisfactory completion only if unpaid restitution orders can be converted to civil judgments. It is undisputed on appeal that the restitution order here can be converted to a civil judgment, thus creating no barrier to a finding of satisfactory completion.

The remedy on appeal is to direct entry of the proper orders. There is no need for another probation review hearing, which is the remedy suggested by the Attorney General. Defendant's good performance on probation is undisputed. The record shows he had no new findings of wardship or convictions and complied with all orders of probation apart from the restitution order. (§ 786, subd. (c)(1).) The only basis for finding unsatisfactory completion of probation was the court's mistaken belief that it could not enter a civil judgment directing payment of restitution. The court had the authority to enter a judgment and defendant agrees that a judgment should have been entered. Another hearing to review defendant's performance on probation is unnecessary.

### Disposition

The juvenile court's order is reversed and the matter remanded with directions to issue an order under section 786, subdivision (a) dismissing the petition, finding satisfactory completion of probation, and ordering sealed all records pertaining to the dismissed petition in the custody of the juvenile court, law enforcement agencies, the probation department, and the Department of Justice. The court shall provide a copy of its order and notice of the order's issuance consistent with the statute. The court shall also issue an abstract of judgment for collection of defendant's unpaid restitution debts. (§ 730.6, subds. (i), (r).)

_____
Pollak, J.

We concur:


_____
McGuiness, P.J.


_____
Jenkins, J.

A147463

7

Filed 9/20/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

|  |  |
|---|---|
| In re J.G., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, <br><br>      Plaintiff and Respondent, <br><br> v. <br><br> J.G., <br><br>      Defendant and Appellant. | A147463 <br><br> (Contra Costa County <br> Super. Ct. No. J09-01675) <br><br> ORDER CERTIFYING OPINON <br> FOR PUBLICATION |

THE COURT:

The opinion in the above-entitled matter filed on September 6, 2016, was not certified for publication in the Official Reports.  For good cause it now appears that the opinion should be published in the Official Reports and it is so ordered.

Date: _____                    _____ P. J.

| | |
|---|---|
| Trial court: | Contra Costa County Superior Court |
| Trial judge: | Honorable Thomas Maddock |
| Counsel for defendant and appellant: | Leila H. Moncharsh, under appointment by the Court of Appeal, for Defendant and Appellant. |
| Counsel for plaintiff and respondent: | Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Assistant Attorney General, Eric D. Share, Supervising Deputy Attorney General, and Huy T. Luong, Deputy Attorney General, for Plaintiff and Respondent. |

A147463