Filed 3/1/23  In re C.H. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION SIX

| | |
|---|---|
| In re C.H., a Person Coming Under the Juvenile Court Law. | 2d Juv. No. B320051 (Super. Ct. No. PJ53380) (Los Angeles County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>C.H.,<br><br>    Defendant and Appellant. | |

Under Welfare and Institutions Code section 786,[1] a minor who satisfactorily completes probation is entitled to dismissal of a section 602 wardship petition and the automatic sealing of all records pertaining to the petition.  C.H. appeals the juvenile

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

court's order finding his performance on probation unsatisfactory and declining to dismiss his two section 602 petitions and seal his records. The court based its decision on C.H.'s use of marijuana while on probation and his failure to enter a drug treatment program as directed by the court and probation. We affirm.

PROCEDURAL HISTORY[2]

In February 2020, a section 602 wardship petition was filed against C.H., alleging the felonious possession of metal knuckles (Pen. Code, § 21810), misdemeanor trespass (*id*., § 602, subd. (m)), and misdemeanor public intoxication (*id*., § 647, subd. (f)).

Three months later, a second section 602 petition was filed, alleging the felonious taking or driving of a vehicle without consent (Veh. Code, § 10851, subd. (a)), and misdemeanor hit-and-run driving resulting in property damage (*id*., § 20002, subd. (a)).

The juvenile court sustained the two felony allegations, i.e., possession of metal knuckles and the taking or driving a vehicle without consent. Initially, C.H. was placed at home on probation. At probation's recommendation, C.H. was placed out of home for a period due to his drug and alcohol use and overall reckless behavior. In April 2021, C.H. was placed back home on probation.

At a hearing on April 26, 2022, the juvenile court terminated its jurisdiction over C.H., who was no longer a minor, but denied C.H.'s request under section 786 to dismiss the petitions and seal his records. As detailed below, the court found C.H. had failed to satisfactorily complete probation, noting he

---

[2] We omit the facts underlying C.H.'s offenses because they are irrelevant to the issues on appeal.

"was given a lot of chances, and that would include he was told to stop using drugs, and he used drugs."

In addition, when C.H. turned 18 years old, he withdrew from his participation in drug court. The juvenile court noted that if C.H. had "stayed in drug court, . . . we would have withdrawn the petition and sealed it."

DISCUSSION

*Applicable Law and Standard of Review*

Section 786, subdivision (a) provides, in pertinent part: "If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes . . . a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."

"For purposes of [section 786], satisfactory completion of [a] . . . term of probation described in subdivision (a) shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation *and if the person has not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform.*" (§ 786, subd. (c)(1), italics added.)

A juvenile court must determine, in its "discretionary estimation," whether a minor has "'substantially complied' with the essential requirements of his probation, such that he ha[s] demonstrably achieved the rehabilitative goals of probation." (*In re A.V.* (2017) 11 Cal.App.5th 697, 701, 711.) A court does not

3

abuse its discretion if its finding is "supported by substantial evidence" and is "not irrational or capricious." (*Id.* at p. 711.)

*The Juvenile Court Acted Within Its Discretion in*
*Declining to Dismiss C.H.'s Petitions and Seal His Records*

Between February 2022 and the April 26, 2022 termination hearing, C.H. failed two of five drug tests. At the outset of the hearing, the juvenile court stated its tentative was to "follow [probation's] recommendation and terminate [jurisdiction], but that would be without sealing since his last tests were positive for marijuana."

Prior to that hearing, the juvenile court advised C.H. it would terminate jurisdiction if he attended substance abuse classes and had negative drug tests. Neither requirement was met. In addition to the two positive drug tests, C.H. failed to enroll in substance abuse classes. When C.H. had difficulty finding an available substance abuse program, his "probation officer instructed [him] to enroll himself into a Narcotics Anonymous program or an acceptable adult program." (All caps. omitted.) He did not do so.

C.H. argues the juvenile court abused its discretion when it found he had failed to substantially comply with the probation requirements. He maintains his use of "very low dosage marijuana" near the end of his probationary period cannot be considered noncompliance because "[i]t might be that ceasing *all* use of marijuana under *all* circumstances, such as those involving the loss of a family member [i.e., C.H.'s grandmother], might have been beyond [his] capacity to perform." (See § 786, subd. (c)(1).)

Neither this argument nor the supporting "authoritative" internet sources were presented in the juvenile court. We decline

to consider them for the first time on appeal. (*In re M.S.* (2009) 174 Cal.App.4th 1242, 1251, fn. 4 [information not presented in the juvenile court may not be considered on appeal]; *People v. Barnett* (1998) 17 Cal.4th 1044, 1183 ["[O]ur review on a direct appeal is limited to the appellate record"].)

In C.H.'s estimation, his performance on probation was more than adequate. He had taken steps to obtain his high school diploma, was gainfully employed and generally stayed out of trouble. But "[t]he existence of evidence supporting [C.H.'s] position does not demonstrate that the juvenile court abused its discretion. Our role is not to substitute our judgment for that of the juvenile court or reweigh the evidence." (*In re J.P.* (2019) 37 Cal.App.5th 1111, 1123.) "'"The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court."' [Citation.]" (*In re Stephanie M.* (1994) 7 Cal.4th 295, 318-319; *In re Emmanuel R.* (2001) 94 Cal.App.4th 452, 465.)

As the juvenile court concisely stated, C.H. "was told to stop using drugs, and he used drugs." C.H. does not dispute that substantial evidence supports this finding. Whether the juvenile court could have focused on other factors and reached a different conclusion is immaterial. (See *In re Emmanuel R., supra,* 94 Cal.App.4th at p. 465.) C.H.'s continued drug use alone supports the court's decision to decline to dismiss the petitions and seal his records.

## DISPOSITION

The juvenile court's order denying C.H. relief under section 786 is affirmed.

NOT TO BE PUBLISHED.


                        BALTODANO, J.


We concur:



GILBERT, P.J.



YEGAN, J.

Fred J. Fujioka, Judge
Superior Court County of Los Angeles

_____

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Roberta L. Davis, Peggy Z. Huang and Gabriel Bradley, Deputy Attorneys General, for Plaintiff and Respondent.