Filed 8/5/24

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re BRANDON H., a Person Coming Under the Juvenile Court Law. | A166195 |
| THE PEOPLE, Plaintiff and Respondent, v. BRANDON H., Defendant and Appellant. | (Contra Costa County Super. Ct. No. J1701357) |

Appellant Brandon H. (Brandon) was the subject of three juvenile wardship petitions. Brandon petitioned for the first and third petitions to be dismissed and sealed pursuant to Welfare and Institutions Code section 786.[1] The juvenile court refused to do so on the basis that the allegations sustained in the second petition precluded the dismissal and sealing of any of the petitions. In so doing, the juvenile court improperly failed to consider the petitions individually.

We find the third petition must be dismissed and the records pertaining to it sealed pursuant to the mandatory provisions of section 786. However, as Brandon did not meet the mandatory section 786 criteria in

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

1

relation to the first petition, the court could not dismiss the first petition and seal the records pertaining to it when considering the request to seal the third petition. Accordingly, we remand the matter for the court to dismiss the third petition and seal the related records, but we decline to remand for the court to reconsider whether to dismiss and seal the first petition.

## FACTUAL AND PROCEDURAL BACKGROUND

Three juvenile wardship petitions were filed regarding Brandon pursuant to section 602. The first two were filed by the Contra Costa County District Attorney and the third was filed by the San Francisco County District Attorney. The facts underlying the petitions are not relevant to the instant appeal and we therefore do not recount them here.

A January 2018 amended petition (the first petition) alleged Brandon committed felony grand theft (Pen. Code, § 487, subd. (c)), to which he pled no contest.[2] That same month, he was adjudged a ward of the court and placed on a six-month rehabilitation program followed by probation.

An August 2018 petition (the second petition) alleged Brandon committed second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c)) and attempted second degree robbery (Pen. Code, §§ 211, 212.5, subd. (c), 664), amended to allege use of a dangerous or deadly weapon (Pen. Code, § 12022, subd. (b)(1)) in each allegation and adding an allegation of assault with force likely to produce great bodily injury (Pen. Code, § 245, subd. (a)(4)). The second petition was filed while Brandon was still on probation from the first petition and was based on conduct that occurred when he was 15 years old. The petition was sustained, Brandon's wardship was continued, and he was committed to a treatment program.

---

[2] The original petition was filed in December 2017.

2

A January 2020 petition (the third petition) alleged Brandon committed felony grand theft of personal property (Pen. Code, § 487, subd. (a)) along with additional allegations; it was amended to add an allegation of misdemeanor battery (Pen. Code, § 242). Brandon admitted the felony grand theft and misdemeanor battery allegations and the other counts were dismissed. The case was transferred from San Francisco to Contra Costa County for disposition. The court continued Brandon as a ward of the court and committed him to a treatment program.

At a hearing on July 20, 2022, at which time Brandon was no longer a minor, the court found he had successfully completed probation, terminated his wardship, and continued his placement at transitional housing.

During that same hearing, Brandon sought dismissal and sealing of the first and third petitions. He argued the court was required to dismiss and seal the third petition as he met the sealing criteria in section 786, and that the court had the discretion to seal the first petition as it did not contain any offenses that precluded sealing as set forth in section 786—specifically, sustained section 707, subdivision (b) offenses. Bandon did not ask the court to seal the second petition because it involved sustained section 707, subdivision (b) offenses.

The court shared its view that it could not dismiss and seal *any* of the petitions because the second petition contained sustained section 707, subdivision (b) offenses. This was based on its erroneous view that the three petitions were de facto a single petition, where the subsequent petitions constituted "supplemental petitions that incorporated each other." The court deferred ruling, stated it would accept supplemental briefing, and indicated it would dismiss and seal the first and third petitions if "appropriate."

3

The court did not enter any further orders to dismiss or seal the petitions, thereby making an implied ruling denying Brandon's request. Brandon timely appealed.

## DISCUSSION

Brandon contends the juvenile court erred by failing to assess each petition's eligibility for dismissal and sealing individually, and by failing to dismiss and seal his first and third petitions. To address these issues, we must interpret various provisions of section 786.

We review issues of statutory interpretation de novo. (*People v. Wilson* (2021) 66 Cal.App.5th 874, 878 (*Wilson*).) "Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning.' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406.) " 'If the language is clear, courts must generally follow its plain meaning unless a literal interpretation would result in absurd consequences the Legislature did not intend. If the statutory language permits more than one reasonable interpretation, courts may consider other aids, such as the statute's purpose, legislative history, and public policy.' " (*Wilson*, at p. 878.)

## I. Legal Framework

Pursuant to section 786, and subject to an exception discussed below, any person who "satisfactorily completes" probation after being found a ward of the juvenile court is entitled to dismissal of the wardship petition and to have all records pertaining to that petition sealed. (§ 786, subd. (a); see *In re A.V.* (2017) 11 Cal.App.5th 697, 709.) The purpose underlying the statute is "to speed up and facilitate the reentry into mainstream society,

4

rehabilitation, and employability of juveniles with nonserious, nonviolent delinquency histories." (*Id.* at p. 711.)

Subdivision (a) states as follows: "If a person who has been alleged or found to be a ward of the juvenile court satisfactorily completes (1) an informal program of supervision . . . , (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to the dismissed petition." (§ 786, subd. (a).)

Satisfactory completion means "the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation" and "the person has not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform." (§ 786, subd. (c)(1).)

The court has discretion to dismiss or seal *prior* petitions subject to the same conditions as the instant petition being dismissed. (§ 786, subd. (f).) However, sealing and dismissal is not allowed "if the petition was sustained based on the commission of an offense listed in subdivision (b) of Section 707 that was committed when the individual was 14 years of age or older unless the finding on that offense was dismissed or reduced to a misdemeanor or to a lesser offense that is not listed in subdivision (b) of Section 707." (§ 786, subd. (d).)

We conclude the juvenile court erred in failing to assess each petition's eligibility for dismissal and sealing individually and in failing to dismiss the third petition and seal the records pertaining to that petition. However, we conclude the first petition was not eligible for dismissal and sealing under section 786.

## II.   The Juvenile Court Erred in Not Considering the Petitions Individually

The parties agree the court should have evaluated whether to dismiss and seal the three petitions individually pursuant to section 786 and it erred when it failed to do so.  (See, e.g., *In re W.R.* (2018) 22 Cal.App.5th 284, 291–292 [assessing criteria for sealing under section 786 to each of three separate wardship petitions].  They are correct.

The plain language of the statute supports this conclusion as it repeatedly references distinct petitions.  Section 786 twice refers to sealing "all records pertaining to *the dismissed petition*," distinguishing from any petitions that were not dismissed.  (§ 786, subds. (a) & (e), italics added.)  Subdivision (f) refers to sealing and dismissal of "the *instant* petition" when stating the court may also seal and dismiss "any prior *petition or petitions*" (if the relevant criteria are met), another clear indication that each petition should be considered individually.  (§ 786, subd. (f)(1), italics added.)  And, crucially, the prohibition on dismissal and sealing in subdivision (d)—which underlay the juvenile court's belief that it could not seal *any* petition if it applied to a separate petition—specifically applies to "*a* petition . . . if *the* petition" is ineligible for dismissal and sealing.  (§ 786, subd. (d), italics added.)

Taken together, this language makes clear that the dismissal and sealing provisions are meant to be applied on a petition-by-petition basis, and we must follow the statute's plain meaning.  (See *Wilson, supra*, 66 Cal.App.5th at p. 878.)  Accordingly, the juvenile court erred by failing to consider each petition individually.[3]  Having so concluded, we turn to the

---

[3]   The juvenile court reached the opposite conclusion based on its apparent view that a "supplemental petition . . . incorporates all prior charges" and therefore the three petitions "incorporated each other."

applicability of the dismissal and sealing provisions to the petitions in this case.

## III. The Juvenile Court Erred in Failing to Dismiss and Seal the Third Petition Under Section 786

As conceded by the Attorney General, the court erred in failing to dismiss and seal the third petition since it did not include a section 707, subdivision (b) offense and the court found that Brandon satisfactorily completed probation on that petition.[4]  The court therefore violated section 786's requirement that in such cases "the court shall order the petition dismissed" and "shall order sealed all records pertaining to the dismissed petition."  (§ 786, subd. (a).)

## IV. The First Petition Is Not Eligible for Dismissal and Sealing Under Section 786

Where the parties diverge is whether the court—*when independently considering the third petition*—did or did not have discretion to seal the first petition under section 786, subdivision (f)(1), which provides: "The court may, in making its order to seal the record and dismiss the instant petition pursuant to this section, include an order to seal a record relating to, or to dismiss, any prior petition or petitions that have been filed or sustained

Although the second petition contains "supplemental" in its title and referenced the offense from the first petition, we are aware of no authority concluding this amounts to "incorporat[ing]" the prior petition for purposes of section 786.  We also note the third petition was filed in a different county and made no mention of the prior petitions.

4      We do not reach the Attorney General's assertion that, at the time of the July 2022 hearing, the juvenile court "did not have authority to dismiss the third petition under section 782 because that petition had been filed in a different county," nor its argument that an intervening amendment to section 782 now permits such dismissal.  This case concerns dismissal under section 786, not section 782.

against the individual and that appear to the satisfaction of the court to meet the sealing and dismissal criteria otherwise described in this section." (§ 786, subd. (f)(1).)

The Attorney General takes the position that the court had no discretion to seal the first petition—even as part of a review of the third petition—because Brandon sustained new findings of wardship for felony offenses during the period of probation from the first petition. We agree.

As previously noted, when a ward of the court "satisfactorily completes" supervision or "a term of probation for any offense, the court shall order the petition dismissed" and seal "all records pertaining to the dismissed petition." (§ 786, subd. (a).) Subdivision (c)(1), in turn, defines satisfactory completion of probation; as relevant here, it "categorically preclud[es] relief" if, during the period of probation, "the person seeking relief under section 786 suffered . . . a new finding of wardship (i.e., adjudication) for a felony offense." (*In re J.S.* (2024) 100 Cal.App.5th 246, 259–260 (*J.S.*); see § 786, subd. (c)(1).)

Brandon does not dispute that he did not satisfactorily complete his first term of probation (stemming from the first petition) given that he sustained a new finding of wardship for felony offenses during that term of probation (as reflected in the second petition). (See *J.S.*, *supra*, 100 Cal.App.5th at pp. 259–260.)

However, he contends that—notwithstanding subdivision (c)(1)'s categorical preclusion of relief—the juvenile court still had discretionary authority to seal and dismiss the first petition because subdivision (a) refers to satisfactorily completing a term of probation "for *any* offense" (§ 786, subd. (a), italics added), which, according to Brandon, includes a probation term for an offense that does not correspond to the petition being dismissed

8

and sealed. Because he satisfactorily completed his term of probation for the offenses corresponding to the *third petition*, he asserts, the court could seal the *first petition*. He argues subdivision (f)(1) gives the court discretion to do so as it provides the court may seal or dismiss "any prior petition or petitions . . . *that appear to the satisfaction of the court* to meet the sealing and dismissal criteria otherwise described in this section." (§ 786, subd. (f)(1), italics added.)

We acknowledge the relevant language is ambiguous, but decline to embrace Brandon's strained reading of these statutory provisions. To begin, subdivision (f)(1) expressly and clearly states that the sealing and dismissal of a prior petition must be predicated on that petition meeting "the sealing and dismissal criteria" elsewhere in section 786. (§ 786, subd. (f)(1).) Hence, although it also refers to petitions "that appear to the satisfaction of the court" to meet the sealing criteria, that language does not grant extra discretion to the court to subvert the requirements for sealing and dismissal provided elsewhere in section 786. (See *ibid.*) Instead, the "to the satisfaction of the court" language is reasonably understood as permitting the court to exercise the discretion already granted in subdivision (c)(1) to determine whether a juvenile has "substantially compl[ied]" with his supervision or probation. (§ 786, subd. (c)(1); see, e.g., *In re A.V.*, *supra*, 11 Cal.App.5th at p. 711 [noting juvenile's "performance on probation, while not perfect, was sufficient to justify the court's exercise of discretion" in finding he had " 'substantially complied' with the essential elements of his probation"].)

Further, and contrary to Brandon's assertion, we do not read subdivision (a) to permit a court to dismiss and seal a prior petition merely because an individual satisfactorily completes probation for an unrelated,

9

subsequent offense. Immediately after discussing completing "a term of probation for any offense," that subdivision refers to ordering "*the petition* dismissed," and sealing "all records pertaining to *the dismissed petition.*" (§ 786, subd. (a), italics added.) The most logical reading of "*the petition*" is that it corresponds to the term of probation that was satisfactorily completed.

Our conclusion is bolstered by the statute's legislative history. (See *Wilson*, *supra*, 66 Cal.App.5th at p. 878.) Subdivision (f)(1) was added to section 786 by Assembly Bill No. 666 (2015–2016 Reg. Sess.) (Stats. 2015, ch. 368, § 1).[5] The sponsor of the bill, writing in support of the amendment, explained the addition of this subdivision as follows: "AB 666 would permit the court to order the sealing and dismissal of prior petitions the individual may have, *so long as the court determines* that the person has met all other Section 786 criteria for sealing and dismissal *in relation to the prior petitions.*" (Sen. Com. on Public Safety, Analysis of Assem. Bill No. 666 (2015-2016 Reg. Sess.) June 23, 2015, p. 8, italics added.)[6] This supports a finding that subdivision (f)(1) requires the court to determine that an individual meets the sealing and dismissal criteria *in relation to the prior petition* before granting relief as to that petition.

Therefore, Brandon was required to meet the sealing and dismissal criteria in relation to his first petition before the court could grant relief as to that petition under section 786, subdivision (f)(1). He did not meet the criteria for his first petition because he did not satisfactorily complete the

---

[5]    At the time of enactment, it was codified as subdivision (e)(1). (See Assem. Bill No. 666, Stats. 2015, ch. 368, § 1.)

[6]    The parties did not provide the legislative history. On our own motion, we take judicial notice of the legislative history of Assem. Bill 666 (see *Gananian v. Wagstaffe* (2011) 199 Cal.App.4th 1532, 1541, fn. 9), specifically the Committee and Floor Analyses.

term of probation corresponding to that petition.  (See § 786, subds. (a) & (c)(1).)  Accordingly, the first petition was not eligible for dismissal and sealing.

## DISPOSITION

The matter is remanded with directions to the court to issue an order under section 786, subdivision (a) sealing all records pertaining to the January 27, 2020 petition in the custody of the juvenile court, law enforcement agencies, the probation department, and the Department of Justice.  In all other respects, we affirm.

_____

Petrou, J.

WE CONCUR:

_____

Fujisaki, Acting P.J.

_____

Rodríguez, J.

A166195/*In re B.H.*

Trial Court:        Contra Costa County Superior Court

Trial Judge:        Hon. John W. Kennedy

Counsel:        Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Jeffrey M. Laurence, Senior Assistant Attorney General, Arthur P. Beever, Deputy Attorney General, and Stephanie F. Richardson, Deputy Attorney General, for Plaintiff and Respondent.

                      First District Appellate Project, Erin W. Keefe, for Defendant and Appellant.