Filed 6/6/17 (unmodified opn. attached)

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re G.F., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B276109 (Super. Ct. No. 2015035760) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>G.F.,<br><br>    Defendant and Appellant. | **ORDER MODIFYING OPINION** |

THE COURT:

The opinion filed herein on May 30, 2017, is modified as follows:

On page 8, under the heading "DISPOSITION," the sentence beginning "The order denying appellant's motion" is deleted and replaced with the following:

The order denying appellant's motion for an order sealing his juvenile records under section 786 is reversed. On remand, the court shall enter a new order granting the motion and thereafter grant appellant the relief afforded by section 786.

This modification affects the judgment.

Filed 5/30/17 (unmodified version)
**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re G.F., a Person Coming Under the Juvenile Court Law. | 2d Crim. No. B276109 (Super. Ct. No. 2015035760) (Ventura County) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>G.F.,<br><br>    Defendant and Appellant. | |

Appellant G.F., a minor, was the subject of a delinquency petition alleging that he possessed a sharpened letter opener on school grounds.  (Pen. Code, § 626.10, subd. (a); Welf. & Inst. Code,[1] § 602.)  Prior to arraignment, the court granted the prosecution's motion to dismiss the petition and proceed with an informal program of supervision "pursuant to [section] 654."  After the probation department verified that appellant had successfully completed all that was required of him, he moved to have the records pertaining to his dismissed petition sealed

_____

[1] All statutory references are to the Welfare and Institutions Code unless otherwise stated.

under section 786.  The prosecution opposed the motion and the trial court denied it.

We conclude appellant is entitled to have his records sealed under section 786.  The statute, as relevant here, is intended to apply to minors, like appellant, who successfully complete an informal program of supervision after a delinquency petition has been filed against them.  Although section 786 is intended to apply to minors who have a *pending* delinquency petition and have completed a program of supervision under section 654.2 rather than section 654, this is only so because the latter form of supervision is supposed to be undertaken *in lieu of* filing of a petition.  Once a petition has been filed, as it was here, the minor's program of supervision is governed by section 654.2, not section 654.  The People, having created the conundrum by urging the court to prematurely dismiss appellant's petition "pursuant to [section] 654," cannot be heard to claim otherwise.  Accordingly, we reverse.

**FACTS AND PROCEDURAL HISTORY**

On November 13, 2015, appellant was charged in a section 602 petition with possessing a weapon on school grounds.  At the arraignment hearing, the People "move[d] to dismiss the petition pursuant to [section] 654 . . . [a]nd . . . request[ed] that the Court[] refer it back to Youth Services for handling."  The court asked defense counsel if he had any objection and counsel replied, "No objection."

The court then ordered the petition "dismissed under section 654, [f]or informal handling" and directed appellant "to report to Probation so that can happen."  The court asked appellant "do you understand what's occurring here" and appellant replied, "Yes, your honor."  The court explained:  "So

2

you'll have a chance to have this matter taken care of informally outside of the court. That would be a good thing for you. So you want to make sure you do what Probation indicates you need to do to be successful on informal [*sic*]." The court asked appellant's parents if they had any questions, and appellant's father replied, "No. Thank you." The court's minute order reflects the petition was "dismissed without prejudice pursuant to . . . [section] 654."

After appellant satisfactorily completed a program of supervision, he moved to have the records pertaining to his petition sealed under section 786. The People opposed the motion on the ground that section 786 does not apply because appellant completed a program of supervision under section 654, not section 654.2. In denying the motion, the court told defense counsel, "I find the equities to be with your client, . . . and I find the law to be with the District Attorney."

## DISCUSSION

Appellant contends the court erred in denying his motion for an order sealing the records pertaining to his dismissed delinquency petition pursuant to section 786. He claims he was entitled to have his records sealed because he "satisfactorily complete[d] . . . an informal program of supervision pursuant to Section 654.2[.]" (§ 786.) We independently review the juvenile's court ruling (*In re Gina S.* (2005) 133 Cal.App.4th 1074, 1082) and conclude that appellant is entitled to the requested relief.[2]

---

[2] The People offer that appellant turned 18 while his appeal was pending and is thus now entitled to have his records sealed under section 781. The availability of this alternate remedy does not, however, render moot appellant's claim that the court erred in denying his request for sealing under section 786.

"'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' [Citation.] 'We begin with the plain language of the statute, affording the words of the provision their ordinary and usual meaning and viewing them in their statutory context, because the language employed in the Legislature's enactment generally is the most reliable indicator of legislative intent.' [Citations.] The plain meaning controls if there is no ambiguity in the statutory language. [Citation.]'" (*People v. Cornett* (2012) 53 Cal.4th 1261, 1265.) The literal meaning of a statute's words may be disregarded, however, to avoid an absurd result. (*People v. Bell* (2015) 241 Cal.App.4th 315, 351.)

The relevant version of section 786, subdivision (a) provides in pertinent part: "If a minor satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records pertaining to that dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice."[3] (Stats. 2015, ch. 368, § 1.)

In denying appellant's motion, the court credited the People's assertion that appellant did not complete "an informal program of supervision pursuant to Section 654.2" because his program of supervision was conducted pursuant to section 654.

---

[3] After appellant's motion was adjudicated, the word "minor" was replaced with "person who has been alleged or found to be a ward of the juvenile court." (Stats. 2016, ch. 858, § 1.) This change does not affect our analysis or conclusion.

4

Under the circumstances of this case, however, the two forms of supervision are substantially the same. Section 654.2 applies when "a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602" and the court allows "the minor to participate in a program of supervision as set forth in Section 654."[4] Section 654, by contrast, contemplates a program of supervision undertaken "in lieu of" filing a section 602 petition.[5]

---

[4] Section 654.2, subdivision (a) provides: "If a petition has been filed by the prosecuting attorney to declare a minor a ward of the court under Section 602, the court may, without adjudging the minor a ward of the court and with the consent of the minor and the minor's parents or guardian, continue any hearing on a petition for six months and order the minor to participate in a program of supervision as set forth in Section 654. If the probation officer recommends additional time to enable the minor to complete the program, the court at its discretion may order an extension. Fifteen days prior to the final conclusion of the program or supervision undertaken pursuant to this section, the probation officer shall submit to the court a followup report of the minor's participation in the program. The minor and the minor's parents or guardian shall be ordered to appear at the conclusion of the six-month period and at the conclusion of each additional three-month period. If the minor successfully completes the program of supervision, the court shall order the petition be dismissed. If the minor has not successfully completed the program of supervision, proceedings on the petition shall proceed no later than 12 months from the date the petition was filed."

[5] Section 654 states in pertinent part: "In any case in which a probation officer, after investigation of an application for a petition . . . concludes that a minor is within the jurisdiction of the juvenile court or will probably soon be within that

5

Here, a section 602 petition was filed.  Although the prosecution "move[d] to dismiss the petition pursuant to [section] 654," the statutory scheme does not recognize or contemplate any such procedure.  Once a petition was filed, the matter was governed by section 654.2.  Pursuant to that section, the prosecution should have asked the court to "continue any hearing on [the] petition for six months and order [appellant] to participate in a program of supervision as set forth in Section 654."  (§ 654.2, subd. (a).)  Instead, the prosecution asked the

jurisdiction, the probation officer may, in lieu of filing a petition to declare a minor a dependent child of the court or a minor or a ward of the court under Section 601 or requesting that a petition be filed by the prosecuting attorney to declare a minor a ward of the court under subdivision (e) of Section 601.3 or Section 602 and with consent of the minor and the minor's parent or guardian, delineate specific programs of supervision for the minor, for not to exceed six months, and attempt thereby to adjust the situation which brings the minor within the jurisdiction of the court or creates the probability that the minor will soon be within that jurisdiction.  Nothing in this section shall be construed to prevent the probation officer from filing a petition or requesting the prosecuting attorney to file a petition at any time within the six-month period or a 90-day period thereafter.  If the probation officer determines that the minor has not involved himself or herself in the specific programs within 60 days, the probation officer shall immediately file a petition or request that a petition be filed by the prosecuting attorney.  However, when in the judgment of the probation officer the interest of the minor and the community can be protected, the probation officer shall make a diligent effort to proceed under this section."  Subdivision (c) of section 654 provides that "[a]t the conclusion of the program of supervision undertaken pursuant to this section, the probation officer shall prepare and maintain a followup report of the actual program measures taken."

court to "dismiss the petition pursuant to section 654[.]" Although appellant did not oppose this request, he was not told that his lack of opposition would result in the loss of his right to obtain relief under section 786.

Moreover, the only relevant difference between informal supervision under section 654 and informal supervision under section 654.2 is that the latter is supervised by the court while the former is not. The People, however, effectively forfeited any reliance on this distinction by requesting that the petition be dismissed. In any event, any "benefit" to appellant in proceeding without judicial oversight was hampered by the fact he remained under the threat of his petition being refiled if he did not comply with the terms of his supervision to the prosecution's satisfaction. As appellant correctly notes, "the dismissal without prejudice [also] compelled [him] to calendar the matter in court to obtain the dismissal with prejudice upon completing informal supervision. Thus, contrary to the prosecution's argument, the court remained involved in the matter even after the petition was dismissed without prejudice at the arraignment."

Our conclusion that appellant is entitled to relief under section 786 is also consistent with the purpose of the statute, which is to provide a streamlined sealing process for minors who satisfactorily complete a program of supervision or term of probation after a delinquency petition has been filed against them. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 526-528.) The People cannot deprive minors of their right to this relief simply by initiating a premature dismissal of their section 602 petitions

pursuant to a "motion" that is contrary to the controlling statutory scheme.**6**

## DISPOSITION

The order denying appellant's motion for an order sealing his records pursuant to section 786 is reversed.

<u>CERTIFIED FOR PUBLICATION.</u>

PERREN, J.

We concur:

GILBERT, P. J.

TANGEMAN, J.

---

**6** In light of our conclusion, we need not address appellant's alternative claims.

8

Kevin J. McGee, Judge
Superior Court County of Ventura

_____

Stephen P. Lipson, Ventura County Public Defender, Michael C. McMahon, Chief Deputy Public Defender, William Quest, Senior Deputy Public Defender, for Defendant and Appellant.

Xavier Becerra, Kamala D. Harris, Attorneys General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Paul M. Roadarmel, Jr., Supervising Deputy Attorney General, Rene Judkiewicz, Deputy Attorney General, for Plaintiff and Respondent.