Filed 11/9/20; Certified for publication 12/1/20 (order attached)

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| In re D.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
|        Plaintiff and Respondent, | E074178 |
| v. | (Super.Ct.No. J278867) |
| D.H., | OPINION |
|        Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Denise Trager Dvorak, Judge.  Affirmed.

Connie A. Broussard, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Charles C. Ragland, Scott Taylor, and Laura Baggett, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I

## INTRODUCTION

Defendant and appellant D.H. (minor) has a history of defiant and criminal behavior, resulting in him being placed on formal probation in two juvenile delinquency matters. Throughout his probationary period, minor violated the law and the terms and conditions of his probation. While still on probation, the juvenile court dismissed the Welfare and Institutions Code[1] section 602 petitions and terminated minor's probation as unsuccessfully completed based on a joint request from the San Bernardino County Children and Family Services (CFS) and the probation department to transfer jurisdiction to the dependency court under section 300. Minor requested the juvenile court seal his section 602 juvenile delinquency records, and the juvenile court denied his request. On appeal, minor argues the juvenile court was required to seal his records under section 786, subdivision (e). Alternatively, minor contends the juvenile court abused its discretion in denying his motion to seal his records under section 786, subdivision (a). We find no error and affirm the judgment.

# II

## FACTUAL AND PROCEDURAL BACKGROUND

On November 30, 2018, minor, along with his minor brother, R.H., and another coparticipant, went to a residence to confront a female about stolen property. While at

---

[1] All future statutory references are to the Welfare and Institutions Code unless otherwise stated.

the residence, minor repeatedly punched the female victim and his brother stabbed the victim numerous times.

At the time of the incident, minor was 13 years old and resided with his mother and nine siblings at his grandmother's house. Minor's father was deceased. Minor was involved in numerous physical altercations at school due to other students bullying him over his stuttering issues. In addition, minor had received a citation for felony vandalism on October 18, 2017. That matter was settled out of court on March 8, 2018.

On December 4, 2018, a section 602 petition was filed alleging minor committed one count of assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), to wit, a knife.

While in juvenile hall, minor was disrespectful to staff and his peers, failed to follow staff directives, lied to staff, and argued with other youths on his unit. Minor, however, attended school every day without any issues.

On December 20, 2018, the juvenile court released minor from juvenile hall under the House Arrest Program (HAP) pending further hearing. Minor complied with the terms and conditions of HAP.

At a further pretrial hearing on January 30, 2019, minor's counsel requested the court terminate HAP. The probation officer did not object to terminating minor's house arrest. The juvenile court was not inclined to terminate minor's house arrest at that time.

By February 7, 2019, minor continued to be on HAP. The probation officer noted that minor had been successful on HAP.

At a further pretrial hearing on February 7, 2019, the juvenile court granted minor's counsel's request to terminate HAP. In addition, the court ordered minor to have no contact with the victim and to follow all of his mother's rules.

On March 12, 2019, the People added a misdemeanor battery (Pen. Code, § 242) allegation to the petition. Minor thereafter admitted to the battery offense and the People dismissed the assault with a deadly weapon allegation. The juvenile court found there was a factual basis for the admission, adjudged minor a ward of the court, and placed him on formal probation under various terms and conditions in the custody of his mother.

Approximately three months later, on June 9, 2019, at 10:37 p.m., minor and his brother R.H. broke into an elementary school by jumping a fence. Once inside, minor and R.H. went to a large locked "conex" box, forced the sliding door open by kicking the door several times, and stole several bags of candy. Later, minor and R.H. entered a classroom through an unlocked window, ransacked the classroom, and stole several cans of soda. After they set off several motion detectors, an on-call maintenance worker responded to the school and saw minor and R.H. jump a fence and run. A deputy located minor and R.H. upon an area check and arrested them.

On June 11, 2019, a subsequent petition pursuant to section 602 was filed alleging minor committed one count of misdemeanor second degree commercial burglary (Pen. Code, § 459; count 1); one count of misdemeanor trespass (Pen. Code, § 602, subd. (m); count 2); and one count of misdemeanor petty theft (Pen Code, § 488; count 3).

While in juvenile hall, minor displayed unsafe, irresponsible, and disrespectful behavior. He also displayed gang signs to another youth and threatened to fight the youth. Furthermore, minor had not begun his anger management/victim awareness classes as required under the terms and conditions of his probation.

On June 12, 2019, minor admitted he committed second degree commercial burglary. In return, the juvenile court dismissed the other two allegations.

On June 13, 2019, the probation officer interviewed minor's mother. Minor's mother reported that she did not understand why minor committed the offenses because "she had just purchased snacks for him." She also stated that minor had not "comprehended how serious his actions" were. Minor's mother did not like the situation and reported to be "heart broken." Minor informed the probation officer that he committed the offenses because he was bored and believed it was not a big deal. Minor's school records indicated that he had excessive unexcused absences and truancies.

On June 26, 2019, the juvenile court again declared minor a ward of the court, ordered him to serve 30 days in juvenile hall with 18 days' credit for time served, and continued him on formal probation on various terms and conditions in the custody of his mother.[2]

On October 10, 2019, minor's probation officer received information from a CFS social worker that minor and his siblings were being removed from minor's mother's

_____

[2] Minor requested that he be released into the custody of his adult sister or his uncle. However, because his sister's home was deemed unsuitable, and his uncle's home was out of state, these requests were denied.

home. The social worker explained that minor's five-year-old half sister ingested prescription medication that belonged to minor's mother while his half sister was unsupervised. Minor's half sister was in the Intensive Care Unit at Loma Linda Medical Center, and minor's mother was resistant to disclose any information to doctors in fear she would be arrested. Minor's younger half siblings were placed in the custody of their father, and minor and R.H. were placed in a group home pending foster placement.

On October 29, 2019, a section 241.1 committee recommended minor be removed from his mother's custody and made a ward under section 300. The committee also recommended that minor's charges under section 602 be dismissed and that his records be sealed "as he would best benefit from services offered through CFS."

On November 1, 2019, a special hearing was held based on a request from the probation department pursuant to the section 241.1 committee report recommending minor be placed under the authority of the dependency court. At that hearing, minor's counsel argued the petitions should be dismissed and minor's records sealed in light of the section 241.1 committee report, minor's mother having "some significant issues," and minor being at a significant risk of being abused or neglected. The prosecutor agreed that both section 602 petitions should be dismissed, but objected to sealing minor's records due to the cases being recent and minor having committed a new offense while on probation. The prosecutor noted that minor can submit another request to seal his records at a later date.

The juvenile court dismissed the two petitions based on the probation officer's recommendation, ordered formal probation terminated as unsuccessfully completed, and denied minor's request to seal his records without prejudice. The court noted minor's behavior and his failure to complete any of the required community service or counseling, despite being on probation for over a year. The court also stated that minor "can come back and ask to have [his records] sealed at a later time after he's shown that he is not committing any new crimes."

Minor's counsel then responded: "And I would just like to add for the record, because I do intend to at least file an appeal in this matter, I think it's kind of a first impression just because it is a 241 issue where they are dismissing this case. Due to the minor's age, I believe that if he did not complete his community service and his counseling, that that would require parental involvement, and if he did not complete those things that those would not entirely be his fault as he cannot transport himself to counseling, he cannot attend counseling on his own. And I don't know what this court does, but typically in San Bernardino if a kid is under 14, they're doing community service as chores at home. So if mom was not arranging that for him, there's not much this minor could do in facilitating that without some support from his mother."

Minor filed a timely notice of appeal on November 14, 2019.

# III

# DISCUSSION

A.     *Sealing of Juvenile Records Under Section 786, Subdivision (e)*

Minor contends the juvenile court erred in failing to seal his records because the plain meaning of section 786, subdivision (e), requires sealing the records when a section 602 petition is dismissed. We disagree.

Normally, we review a juvenile court's decision to seal or to refuse to seal records for abuse of discretion. (*In re A.V.* (2017) 11 Cal.App.5th 697, 711 (*A.V.*).) But where, as here, the court's decision raises an issue of statutory interpretation, our review is de novo. (*In re Joshua R.* (2017) 7 Cal.App.5th 864, 867.) "We start with the statute's words, which are the most reliable indicator of legislative intent. [Citation.] 'We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose.'" (*In re R.T.* (2017) 3 Cal.5th 622, 627.)

Section 786, subdivision (e), provides, in relevant part, "If a person *who has been alleged* to be a ward of the juvenile court has their petition dismissed by the court, whether on the motion of the prosecution or on the court's own motion, *or if the petition is not sustained by the court after an adjudication hearing*, the court shall order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the

custody of law enforcement agencies, the probation department, or the Department of Justice." (Italics added.)

The Legislature amended section 786, subdivision (e), effective January 1, 2018. (Stats. 2017, ch. 685, § 1.5; *In re W.R.* (2018) 22 Cal.App.5th 284, 290-291 (*W.R.*).) The *W.R.* court explained the legislative history of subdivision (e) of section 786 as follows: "The Legislative Counsel's Digest states: 'Existing law authorizes a judge of the juvenile court to dismiss a petition, or set aside the findings and dismiss a petition, if the court finds that the interests of justice and the welfare of the minor require that dismissal, or if the court finds that the minor is not in need of treatment or rehabilitation. [¶] This bill would require, if a person who has been *alleged to be a ward* of the juvenile court and has his or her petition dismissed *or if the petition is not sustained by the court after an adjudication hearing*, the court to seal all records pertaining to that dismissed petition that are in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice in accordance with a specified procedure.' (Legis. Counsel's Dig., Assem. Bill No. 529 (2017-2018 Reg. Sess.) as filed Oct. 11, 2017.) According to the bill's cosponsor, 'under most circumstances a youth that has his case dismissed due to insufficient evidence, or in the interest of justice, *without an adjudication* must wait until he is at least 18 to petition the court to seal his record. However, minors that commit and are adjudicated for non-serious or non-violent offenses can have their records automatically sealed upon completion of probation. This means that the court orders the petition be dismissed and

the juvenile court records are sealed immediately.  [Assembly Bill No.] 529 . . . extend[s] this same process to similar cases where a minor has had his delinquency petition dismissed *without an adjudication* due to insufficient evidence, in the interest of justice or because he is incompetent and not likely to become competent in the foreseeable future, regardless of the alleged offense.'  (Assem. Com. on Public Safety, Analysis of Assem. Bill No. 529 (2017-2018 Reg. Sess.) as introduced Feb. 13, 2017, p. 4.)"  (*W.R.*, at p. 291, italics added.)

The plain language of the statute refers to dismissals of a petition for a minor "alleged to be a ward."  In addition, the statute plainly states the court "shall" or must dismiss a petition for insufficient evidence or if "the petition is not sustained by the court after an adjudication hearing."  (§ 786.)  Here, minor admitted both offenses in the initial section 602 petition and the subsequent section 602 petition and was declared a ward of the court in both cases following adjudicated hearings.  Although section 786, subdivision (e), mandates sealing of records upon the dismissal of a section 602 petition, the language also indicates that subdivision (e) is only applicable before the juvenile court declares a minor to be a ward or for a minor "alleged to be a ward."  Minor is not a "minor alleged to be a ward."

*W.R.*, *supra*, 22 Cal.App.5th 284 is instructive.  In that case, the minor was found incompetent to stand trial on a section 602 petition for felony assault.  The minor's counsel made an oral motion to dismiss the petition under section 782 and the juvenile court granted it.  But the court denied the minor's motion to seal his juvenile records.

10

(*W.R.*, at pp. 289-290.) The Court of Appeal reversed the juvenile court's decision. The court explained, "[T]he petition . . . was dismissed by the court in the interests of justice, after the minor was found incompetent to stand trial and not likely to become competent in the foreseeable future. Thus, section 786, subdivision (e) requires the sealing of records pertaining to that petition as well." (*Id*. at p. 292.) The court emphasized that, where the petition had not been sustained, (1) following an adjudication hearing, (2) dismissed as part of a plea, or (3) dismissed by the court in the interests of justice after the minor was found incompetent to stand trial, the minor was entitled to seal his records under section 786, subdivision (e). (*W.R.*, at pp. 291-292.)

The plain language of the statute, the legislative history, and governing cases such as *W.R.* make clear subdivision (e) of section 786 is not applicable under the circumstances of this case where minor had been declared a ward of the court and his petitions had been sustained following adjudicated hearings.

As the People point out, a comparison of the language in both subdivision (e) and subdivision (a) of section 786 also supports our position that subdivision (e) is inapplicable under the circumstances of this case. Section 786, subdivision (a), states in relevant part: "If a person who has *been alleged or found to be a ward* of the juvenile court satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under Section 725, or (3) a term of probation for any offense, the court shall order the petition dismissed. The court shall order sealed all records . . . ." (Italics added.) Notably, the Legislature chose not to use the phrase, "or

11

found to be a ward of the juvenile court" in subdivision (e) of section 786. The absence of this language shows the Legislature's intent in subdivision (e), to provide sealing relief only to a minor who has not yet been declared a ward of the juvenile court.

Based on the foregoing, we find subdivision (e) of section 786 is not applicable to minors who were declared wards by the juvenile court following an adjudication hearing, whether or not the petition was later dismissed. To conclude otherwise would contradict the statutory framework as a whole. (See *A.V.*, *supra*, 11 Cal.App.5th at p. 705 [court must harmonize the various parts of a statutory enactment by considering the particular clause or section in the context of the statutory framework as a whole].) As always, our role in statutory interpretation is to effect the intent of the Legislature. (*People v. Johnson* (2006) 38 Cal.4th 717, 723.)

Accordingly, we conclude the juvenile court did not err in refusing to seal minor's juvenile records under section 786, subdivision (e).

B. *Sealing of Records Under Section 786, Subdivision (a)*

Alternatively, minor contends even if sealing of his records was governed by section 786, subdivision (a), the juvenile court abused its discretion in denying his request to seal his records because dismissal of his petitions and termination of his probation denied him the opportunity to successfully complete probation. He further asserts that sealing his records would be in the interest of justice.

Under section 786, subdivision (a), if a ward of the court "satisfactorily completes (1) an informal program of supervision pursuant to Section 654.2, (2) probation under

12

Section 725, or (3) a term of probation for any offense," then the court must dismiss the petition and "order sealed all records pertaining to the dismissed petition." (§ 786, subd. (a).) A minor satisfactorily completes a term of supervision or probation if "[1] the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of supervision or probation and [2] if the person has not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform." (§ 786, subd. (c)(1).)

"Substantial compliance is not perfect compliance. Substantial compliance is commonly understood to mean 'compliance with the substantial or essential requirements of something (as a statute or contract) that satisfies its purpose or objective even though its formal requirements are not complied with.'" (*A.V.*, *supra*, 11 Cal.App.5th at p. 709.) By contrast, "successful" completion of probation has been construed as compliance with every condition of probation. (*Ibid.*)

Whether a minor has any new wardship findings or convictions, and whether a minor has not failed to substantially comply with the probation terms that are within his or her capacity to perform, are factual matters. (See *People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 680-681.) "Findings of fact are reviewed under a 'substantial evidence' standard." (*Ibid.*)

A decision to grant or deny section 786 relief is reviewed for abuse of discretion. (*A.V.*, *supra*, 11 Cal.App.5th at p. 701 ["court has the discretion under section 786 to find the ward has or has not substantially complied with . . . probation so as to be deemed to

13

have satisfactorily completed it"].)  Under this standard, "'a trial court's ruling will not be disturbed, and reversal of the judgment [or order] is not required, unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.'"  (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004; see *People v. Kipp* (1998) 18 Cal.4th 349, 371 ["[a] court abuses its discretion when its ruling 'falls outside the bounds of reason'"].)

Here, the juvenile court expressly found that minor had not successfully completed probation.  Substantial evidence supports that finding.  The record, as set out above, overwhelmingly shows minor had not substantially complied with his probation requirements.  Minor admitted to committing second degree burglary while on formal probation and failed to comply with other terms and conditions of his probation.  Hence, under the plain language of section 786, subdivision (a), minor was not entitled to sealing of his juvenile records.  (See *A.V.*, *supra*, 11 Cal.App.5th at p. 705.)

Relying on *In re G.F.* (2017) 12 Cal.App.5th 1 (*G.F.*), minor claims the People cannot use the dismissal of a section 602 petition to deprive him of the opportunity to successfully complete probation.  That case, however, is distinguishable from the present matter.

In *G.F.*, *supra*, 12 Cal.App.5th 1, upon the prosecutor's motion, the section 602 petition was dismissed and the minor was placed on informal supervision pursuant to section 654, instead of section 654.2.  After the minor satisfactorily completed his program of informal supervision, he moved to seal his records pursuant to section 786.

14

The prosecutor opposed the motion, on the ground section 786 did not apply because the minor did not complete a program of supervision under 654.2, as specified in section 786. The trial court found the equities with the minor, but the law with the People, and denied minor's motion to seal his records. (*G.F.*, at p. 4.)

The Court of Appeal reversed, finding that supervision under sections 654 and 654.2 were, in that case, essentially indistinguishable, the dismissal procedure employed by the prosecutor was not contemplated by the statutory scheme, and the minor was not told, when he acquiesced to the dismissal under section 654, that his lack of opposition would result in the loss of his right to record sealing under section 786. (*G.F.*, *supra*, 12 Cal.App.5th at p. 6.) The court concluded the minor's entitlement "to relief under section 786 is also consistent with the purpose of the statute, which is to provide a streamlined sealing process for minors who satisfactorily complete a program of supervision or term of probation after a delinquency petition has been filed against them. (*In re Y.A.* (2016) 246 Cal.App.4th 523, 526-528.) The People cannot deprive minors of their right to this relief simply by initiating a premature dismissal of their section 602 petitions pursuant to a 'motion' that is contrary to the controlling statutory scheme." (*G.F.*, at p. 7.)

The circumstances of this case are patently different. Here, the section 602 petitions were dismissed so that minor could fall under the jurisdiction of the dependency

15

court.[3]  In any event, unlike in *G.F.*, minor had failed to comply with the terms of his formal probation and admitted to committing a second degree burglary while on formal probation.

Lastly, minor argues that his records should have been sealed in the interest of justice.  Although minor cannot obtain relief to seal his records under subdivisions (a) and (e) of section 786, he is not indefinitely precluded from sealing his juvenile records.  Indeed, both the juvenile court and the prosecutor stated that minor can bring a motion at a later date to seal his records.  And, minor may seek relief under section 781.  That statute provides that once minor turns 18 and has not committed any felonies or crimes of moral turpitude since the juvenile court terminated probation, he may seek to seal his record under section 781, subdivision (a)(1)(A).  (*In re O.C.* (2019) 40 Cal.App.5th 1196, 1200, 1204.)  The petition is required to show that, since the juvenile court's jurisdiction was terminated or the section 626 action was dismissed, the person was not convicted of a felony or a misdemeanor involving moral turpitude, and the person has attained rehabilitation to the satisfaction of the court.  (§ 781, subd. (a)(1)(A).)

We conclude the juvenile court did not abuse its discretion in denying minor's request to seal his records pursuant to section 786, subdivision (a).

---

**3**  "Effective April 30, 2019, San Bernardino County became a single status county, having previously been a dual status/lead agency county.  (§ 241.1, subd. (d); see the committee's 'Single Status Protocol.')"  (*In re S.O.* (2020) 48 Cal.App.5th 781, 785, fn. omitted.)  Therefore, dual jurisdiction over minor was prohibited and the juvenile court had to terminate his probation.  (*Ibid.*)

16

IV

DISPOSITION

The juvenile court's order denying minor relief under section 786 is affirmed.

CODRINGTON
Acting P. J.

We concur:

SLOUGH
J.

FIELDS
J.

**CERTIFIED FOR PUBLICATION**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| In re D.H., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.H.,<br><br>        Defendant and Appellant. | E074178<br><br>(Super.Ct.No. J278867)<br><br>ORDER CERTIFYING<br>OPINION FOR PUBLICATION |

THE COURT

A request having been made to this court pursuant to California Rules of Court, rule 8.1120(a), for publication of a nonpublished opinion heretofore filed in the above-entitled matter on November 9, 2020, and it appears that the opinion meets the standard for publication as specified in California Rules of Court, rule 8.1105(c).

IT IS ORDERED that said opinion be certified for publication pursuant to California Rules of Court, rule 8.1105(c).  The opinion filed in this matter on November 9, 2020, is certified for publication.

CERTIFIED FOR PUBLICATION

CODRINGTON
                                                                                                          Acting P. J.

We concur:

SLOUGH
                              J.
FIELDS
                              J.

1