Filed 6/24/22  In re Micah Y. CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIRST APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re Micah Y., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>Micah Y.,<br><br>Defendant and Appellant. | No. A162902<br><br>(Solano County<br>Super. Ct. No. J21996) |

More than two decades after the juvenile court terminated delinquency jurisdiction, Micah Y. moved to dismiss and seal his juvenile court records pursuant to Welfare and Institutions Code section 786.  (Undesignated statutory references are to this code.)  The juvenile court denied the motion.  We affirm.

### BACKGROUND

In 1990, Micah, then twelve years old, admitted committing unlawful sexual intercourse with another minor.  The juvenile court declared Micah a ward of the court and placed him on probation.  The prosecution filed supplemental wardship petitions while Micah was on probation, and Micah admitted committing two felonies and several misdemeanors.  In 1993, the

1

court terminated jurisdiction over Micah after finding he successfully completed probation. Subsequently, Micah suffered felony convictions — as a juvenile and an adult — for car theft, evading a police officer, and illegal firearm possession. He also suffered numerous misdemeanor convictions, including for reckless driving.

In 2018, and again in 2019, Micah moved to seal his juvenile records pursuant to section 781. The juvenile court denied the motions. It found Micah was ineligible for relief under section 781 because he suffered "felony convictions subsequent to his successful completion of probation." In 2021, Micah sought relief for a third time. As relevant here, Micah moved to dismiss and seal his juvenile court records pursuant to section 786. The prosecution opposed the motion, arguing Micah was not entitled to relief because the statute took effect more than two decades after Micah completed probation. After considering extensive briefing and argument, the court denied the motion. Relying on *In re O.C.* (2019) 40 Cal.App.5th 1196 (*O.C.*), the court reasoned that section 786 did not apply because Micah completed probation before the statute's January 2015 effective date.

## DISCUSSION

Micah's sole contention is section 786 mandates the "sealing and destruction of his juvenile record." He is mistaken.

Sections 781 and 786 allow "for the sealing of a minor's juvenile delinquency file." (*S.V. v. Superior Court* (2017) 13 Cal.App.5th 1174, 1181.) "Section 781 provides for a noticed petition procedure for sealing a person's juvenile court records." (*O.C., supra*, 40 Cal.App.5th at p. 1204.) Under that statute, a person may petition the juvenile "court to seal the person's juvenile court records . . . 'in any case' after the person has reached age 18, and in other circumstances." (*O.C.*, at p. 1200.) To obtain relief under section 781,

2

the petition must "show that, since the juvenile court's jurisdiction was terminated . . . , the person was not convicted of a felony or a misdemeanor involving moral turpitude, and the person has attained rehabilitation to the satisfaction of the court." (*O.C.*, at p. 1200.) When a minor's records are sealed under section 781, " 'the proceedings in the case shall be deemed never to have occurred.' " (*S.V.*, at p. 1181.)

Section 786, by contrast, provides "a streamlined, court-initiated procedure for dismissing juvenile delinquency petitions and sealing juvenile records." (*In re A.V.* (2017) 11 Cal.App.5th 697, 705.) Since its January 2015 effective date, the statute has required juvenile courts "to *automatically* and *immediately* dismiss a qualifying person's juvenile court petition and seal the person's juvenile court records . . . as soon as the person 'satisfactorily completes' " probation. (*O.C.*, *supra*, 40 Cal.App.5th at p. 1200, italics added; 1207 ["without requiring a noticed petition"]; § 786, subds. (a), (c)(1).)

Micah acknowledges the juvenile court terminated his probation long before section 786 took effect, but he nevertheless asserts the statute mandates the sealing and destruction of his juvenile records. Although we typically review a juvenile court's denial of a motion to seal records for abuse of discretion, our review here is de novo as the court's decision concerns an issue of statutory interpretation. (*In re D.H.* (2020) 58 Cal.App.5th 44, 51.)

*O.C.*, *supra*, 40 Cal.App.5th 1196 considered — and rejected — the argument Micah makes here. In that case, the minor successfully completed probation in 2011; seven years later, she moved to dismiss and seal her juvenile records under section 786. (*O.C.*, at pp. 1200, 1202.) The juvenile court denied the motion and the appellate court affirmed. Relying on the statute's unambiguous language and its legislative history, as well as the statutory scheme as a whole, *O.C.* held section 786 applies "to persons who

3

have satisfactorily completed their juvenile court . . . probation *after* [the statute] went into effect on January 1, 2015." (*O.C.*, at p. 1208, italics added; 1206–1208.)

O.C. noted section 786 uses present tense — if a person " '*satisfactorily completes*' " probation — and defines " 'satisfactory completion' " of probation as occurring if the person has no wardship findings or specified convictions " '*during the period of . . . probation.*' " (*O.C.*, *supra*, 40 Cal.App.5th at pp. 1206–1207.) This language, the *O.C.* court concluded, evinced an intent that the statute apply prospectively, and not to persons like the minor who completed "probation before section 786 went into effect." (*O.C.*, at p. 1206.) Moreover, *O.C.* determined the legislative history supported its interpretation, and the fact "that the Legislature did not repeal section 781 when it enacted section 786," was further evidence that section 786 applies to those who satisfactorily complete juvenile court probation after the statute's effective date. (*O.C.*, at p. 1208.)

*O.C.* reasoned that because the minor completed juvenile court probation *before* section 786's effective date, she was "not entitled to have her records *automatically* sealed under section 786." (*O.C.*, *supra*, 40 Cal.App.5th at p. 1208.) Applying section 786 to the minor's sealing petition would, the *O.C.* court concluded, allow the minor "to circumvent section 781's sealing requirements." (*O.C.*, at p. 1209.) And as *O.C.* explained, allowing "persons who cannot meet section 781's . . . requirements to seal their records under section 786 would allow such persons to escape section 781's sealing requirements. Such an approach would render section

4

781 of no effect and would give such persons a benefit that neither sections 781 nor 786 contemplates." (*Id.* at p. 1210.)[1]

We reach the same result. As in *O.C.*, the juvenile court terminated delinquency jurisdiction — and Micah's probation — years before section 786 took effect. And like the minor in *O.C.*, Micah's felony convictions rendered him ineligible for relief under section 781. (*O.C.*, *supra*, 40 Cal.App.5th at pp. 1205, 1208.) Allowing Micah to circumvent section 781's sealing requirements would bestow "a benefit that neither sections 781 nor 786 contemplates." (*O.C.*, at p. 1210.) For all of the reasons espoused in *O.C.*, Micah cannot utilize section 786 to dismiss and seal his juvenile records. Section 786 "is intended to apply to minors who have a *pending* delinquency petition." (*In re G.F.* (2017) 12 Cal.App.5th 1, 3; Cal. Rules of Court, rule 5.830(a)(1).) The statute is not "intended to be a panacea for all sealing issues." (*In re Y.A.* (2016) 246 Cal.App.4th 523, 527.) In sum, we conclude the juvenile court did not err by concluding Micah was not eligible for relief under section 786.

## DISPOSITION

The June 2021 order denying Micah's motion to seal his juvenile records under section 786 is affirmed.

---

[1] In reaching this conclusion, *O.C.* distinguished *In re I.F.* (2017) 13 Cal.App.5th 679 and *In re W.R.* (2018) 22 Cal.App.5th 284. (*O.C.*, *supra*, 40 Cal.App.5th at pp. 1209–1210 & fn. 8.) We reject Micah's reliance on these cases for the reasons articulated in *O.C.* Likewise, we find Micah's reliance on section 786's legislative history unavailing. (See *O.C.*, at pp. 1207–1208.)

5

_____

Rodríguez, J.

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A162902