Filed 6/23/23 In re J.N. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re J.N., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>J.N.<br><br>Defendant and Appellant. | F084963<br><br>(Super. Ct. No. 22CEJ600043-1)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from an order of the Superior Court of Fresno County. Virna L. Santos, Judge.

Linda K. Harvie, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Eric L. Christoffersen and Chung Mi Choi, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Franson, Acting P. J., Peña, J. and Smith, J.

Appellant J.N. challenges the denial of his request to have his delinquency petition dismissed and his juvenile record sealed pursuant to Welfare and Institutions Code[1] section 786. Our review of the requirements of section 786, as well as the record provided to this court leads us to conclude there was no abuse of discretion in the decision made by the juvenile court. The order denying the section 786 request is affirmed.

## PROCEDURAL AND FACTUAL SUMMARY

The facts of this case involve two different delinquency petitions. The first was filed in Riverside County in March 2018. One month later pursuant to a plea agreement, J.N. admitted the allegations related to an assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1), a felony; count 1), and second degree burglary (Pen. Code, § 459, a misdemeanor; count 4). Two other charges alleged in the delinquency petition were then dismissed. J.N. was declared a ward of the court, and the court determined his total term of commitment would be four years and four months.

The facts underlying this first delinquency petition involved J.N.'s attempt to steal clothing and shoes from a boutique. When confronted by an employee, J.N. pulled the items out from under his own clothing, as well as a hatchet, threatening two employees with harm if they did not allow him to leave the boutique. After one employee grabbed J.N.'s arm, which was holding the hatchet, the hatchet dropped to the ground. A struggle then ensued resulting in the employee being thrown to the ground. When he was prevented from reentering the store, J.N. threatened to shoot both employees. Upon arrival, law enforcement found J.N. hiding behind cars located outside the boutique.

J.N. was eventually placed in various foster homes and later in an out of state placement. J.N. was deemed to have "successful[ly]" completed probation in June 2020.

---

[1] All further statutory references will be to the Welfare and Institutions Code, unless otherwise specified.

The wardship was then terminated by the juvenile court. However, despite a separate request by the probation department to seal J.N.'s juvenile record pursuant to section 786, that request was denied.

Approximately one year later in June 2021, a new delinquency petition was filed alleging J.N. committed a petty theft (Pen. Code, § 488, a misdemeanor).[2] The facts underlying this charge involved the theft of a wallet from a customer outside a meat market. J.N. admitted the allegations underlying the new charge one month later. J.N. was again declared a ward of the court in September 2021, put on probation, and this time, placed in the custody of his father.

In February 2022, a request was granted to transfer jurisdiction over J.N. to Fresno County, where his father had moved. The Fresno County Juvenile Court then set a new hearing for August 2022, to consider a new section 786 request, due to the fact J.N.'s probation was set to expire on September 15, 2022. However, at the August hearing, a probation report was submitted showing J.N. had been arrested in June 2022 for a new charge. The report recommended probation and that the section 786 request be denied. However, because no new charges had been filed yet, the court continued the matter to September 13, 2022, for a final resolution.

At the September 13 hearing, the juvenile court learned a new misdemeanor charge had been filed related to the June 2022 arrest, and that J.N., who was now over the age of 18, pleaded not guilty to this new charge.[3] The new charge involved a battery on a spouse or cohabitant (Pen. Code, § 243, subd. (e)(1)) and was charged as a misdemeanor. J.N.'s attorney argued that because he had substantially complied with the terms of probation during his juvenile wardship probation, and because this new charge had yet to be proved, the section 786 request to dismiss the delinquency petition and seal J.N.'s

___

[2]     The caption on the petition states that it was a "reactivated" petition.

[3]     The court also became aware that J.N. was again residing in Riverside County.

juvenile records should still be granted. However, after citing the probation condition that J.N. obey all laws and not have any negative contact with law enforcement, the court denied the section 786 request, noting he had not substantially complied with the terms of probation.

This appeal followed the denial of the section 786 request.

## DISCUSSION

We now consider whether J.N. was entitled to have his delinquency petition dismissed and juvenile records sealed pursuant to section 786, even though he was alleged to have committed a new crime approximately three months before the end of his juvenile probation.

### I. The Governing Law and Standard of Review

Pursuant to section 786, when a ward of the juvenile court "satisfactorily completes" probation, "the court *shall* order the [delinquency] petition dismissed" and "*shall* order sealed all records pertaining to the dismissed petition in the custody of the juvenile court, and in the custody of law enforcement agencies, the probation department, or the Department of Justice." (§ 786, subd. (a), emphasis added.) The satisfactory completion of probation "shall be deemed to have occurred if the person has no new findings of wardship or conviction for a felony offense or a misdemeanor involving moral turpitude during the period of … probation and if the person has not failed to substantially comply with the reasonable orders of supervision or probation that are within their capacity to perform." (*Id.*, subd. (c)(1).) "Substantial compliance is not perfect compliance. Substantial compliance is commonly understood to mean 'compliance with the substantial or essential requirements of something (as a statute or contract) that satisfies its purpose or objective even though its formal requirements are not complied with.' " (*In re A.V.* (2017) 11 Cal.App.5th 697, 709.)

A decision to grant or deny section 786 relief is reviewed for an abuse of discretion. (*In re A.V.*, *supra*, 11 Cal.App.5th at p. 710.) Under this standard, the trial

court's ruling will not be disturbed, and a reversal of that ruling is not required, " 'unless the trial court exercised its discretion in an arbitrary, capricious, or patently absurd manner that resulted in a manifest miscarriage of justice.' " (*People v. Hovarter* (2008) 44 Cal.4th 983, 1004; see *People v. Kipp* (1998) 18 Cal.4th 349, 371 ["[a] court abuses its discretion when its ruling 'falls outside the bounds of reason' "].) "A merely debatable ruling cannot be deemed an abuse of discretion." (*People v. Bryant, Smith and Wheeler* (2014) 60 Cal.4th 335, 390.)

While appellate courts generally review a juvenile court's refusal to grant a section 786 request for an abuse of discretion, if the review involves an interpretation of the relevant language of the statute, we shift to a de novo standard of review for that portion of the analysis. (*In re David T.* (2017) 13 Cal.App.5th 866, 871.) This portion of the analysis is centered on the question of whether J.N. "substantially complied" with the conditions of probation, including the condition to "[v]iolate no law, ordinance, or court order," and to "[i]mmediately report any arrests/violations to the [p]robation [o]fficer." Therefore, we must consider whether an arrest for a misdemeanor crime, even if formally charged through a complaint, constitutes a failure to "substantially comply" with the conditions of probation, when there has yet to be a conviction. (§ 786, subd. (c)(1).)

## II. Application

J.N. has put forth the following argument, both here and in the juvenile court:

> "[T]here was no showing that J.N. failed to obey all laws. Indeed, the court specifically noted that he pled [not guilty] the day before to the new misdemeanor charge. J.N. did not admit guilt nor was there a finding by a judge or jury that he failed to obey all laws."

While technically true, we must resolve whether the court's decision to deny the section 786 request was consistent with the legislative purpose underlying the actual language of the statute.

> "Our fundamental task in construing a statute 'is to ascertain the Legislature's intent [and] effectuate the law's purpose. [Citation.] We

5.

begin our inquiry by examining the statute's words, giving them a plain and commonsense meaning. [Citation.] In doing so, however, we do not consider the statutory language "in isolation." [Citation.] Rather, we look to "the entire substance of the statute … in order to determine the scope and purpose of the provision .… [Citation.]" [Citation.] That is, we construe the words in question " 'in context, keeping in mind the nature and obvious purpose of the statute .…' [Citation.]" [Citation.] We must harmonize "the various parts of a statutory enactment … by considering the particular clause or section in the context of the statutory framework as a whole." [Citations.] We must also avoid a construction that would produce absurd consequences, which we presume the Legislature did not intend.' " (*In re Greg F.* (2012) 55 Cal.4th 393, 406.)

The purpose underlying section 786 "is to provide a streamlined sealing process for minors who *satisfactorily* complete a program of supervision or term of probation after a delinquency petition has been filed against them." (*In re G.F.* (2017) 12 Cal.App.5th 1, 7, emphasis added.) The ultimate goal is to reward an individual who has substantially met the conditions of probation, allowing that person to go forward without the stigma of a juvenile arrest. (See 16 Witkin, Summary of Cal. Law (11th ed. 2023) Juvenile, § 129.)

There is no dispute J.N. was still on probation in June 2022 when he allegedly committed a new offense. In fact, J.N.'s probation was not scheduled to end until September 15, 2022. During the hearing held on August 15, 2022, the court first learned about J.N.'s arrest in June, and stated:

"So, what I'm going to suggest is this. We give it—if it hasn't been filed, you know, I will take that into consideration[,] so let's assume—I'm not going to let it hang there for six months. That's not fair to [J.N.] … but today that's the state of affairs."

On September 13, 2022, the juvenile court finally learned J.N. had not simply been arrested but was now facing a misdemeanor charge for committing a battery on a spouse or cohabitant. This presumably meant the prosecution concluded the underlying facts were sufficient to proceed with a formal charge. As a result, the juvenile court concluded there was enough of a basis to deny the request to dismiss the delinquency petition and seal J.N.'s juvenile record pursuant to section 786:

> "The Court finds [J.N.] has not met [the] requirements of …
> [section] 786 because now he has been charged with a misdemeanor and to
> which he pled not guilty .…  [J.N.] has failed to substantially comply with
> the reasonable orders or terms of probation or supervision that were within
> his capacity to perform in that he failed to obey all laws and was charged
> with a misdemeanor to which he pled not guilty .…  For those reasons [the
> section] 786 [petition] is denied."

The specific condition of probation the court was referencing stated that J.N. should "[v]iolate no law, ordinance, or court order."  The question we must resolve is whether an arrest resulting in a new misdemeanor charge that had yet to be adjudicated, could be the basis of a finding J.N. was not entitled to the relief available under section 786.

> The relevant language from section 786 provides as follows:

> "(a) If a person who has been alleged or found to be a ward of the juvenile
> court *satisfactorily completes* (1) an informal program of supervision
> pursuant to [s]ection 654.2, (2) probation under [s]ection 725, or (3) a term
> of probation for any offense, the court shall order the petition dismissed.
> The court shall order sealed all records pertaining to the dismissed petition
> in the custody of the juvenile court, and in the custody of law enforcement
> agencies, the probation department, or the Department of Justice.…
> [¶] … [¶]

> "(c)(1) For purposes of this section, *satisfactory completion* of an informal
> program of supervision or another term of probation described in
> subdivision (a) shall be deemed to have occurred if the person has no new
> findings of wardship or conviction for a felony offense or a misdemeanor
> involving moral turpitude during the period of supervision or probation and
> *if the person has not failed to substantially comply* with the reasonable
> orders of supervision or probation that are within their capacity to
> perform.…"  (§ 786, emphasis added.)

When conducting our de novo review of this statutory language, "[w]e start with the statute's words, which are the most reliable indicator of legislative intent.  [Citation.] 'We interpret relevant terms in light of their ordinary meaning, while also taking account of any related provisions and the overall structure of the statutory scheme to determine what interpretation best advances the Legislature's underlying purpose.' "  (*In re R.T.* (2017) 3 Cal.5th 622, 627.)

Again, the statutory language states that to qualify for the benefit of having his delinquency petition dismissed and his juvenile records sealed under section 786, J.N. had to satisfactorily complete probation, which would have occurred if he substantially complied with the reasonable orders or conditions imposed on his probation, that were within his "capacity to perform." (§ 786, subd. (c)(1).) J.N. was three months away from completing probation on his most recent delinquency petition when he was arrested for committing a battery on a spouse or cohabitant.[4] We are not considering whether probation should have been revoked, which may have required some proof of the violation by a preponderance of the evidence. (See *People v. Rodriguez* (1990) 51 Cal.3d 437, 441 [a violation of probation does not require proof beyond a reasonable doubt or by clear or convincing evidence].) The question we are addressing is whether under section 786, J.N. satisfactorily completed his probation, allowing him to receive the benefit of the dismissal of his delinquency petition and the sealing of his juvenile record. Although the statutory language favors such a result, the determination of whether there has been substantial compliance is not automatic and requires the exercise of discretion by the juvenile court. We resolve that determination could not be made conclusively in J.N.'s favor with the new pending criminal charge.

Again, case law has consistently held that "the purpose of the statute … is to provide a streamlined sealing process for minors who satisfactorily complete a program of supervision or term of probation after a delinquency petition has been filed against them." (*In re G.F.*, *supra*, 12 Cal.App.5th, at p. 7.) The plain language of the statutory scheme, as well as the underlying purpose of that scheme, is to provide a benefit to a juvenile who has successfully completed probation or met other conditions for a specified period of time. At the time the section 786 request was made to seal J.N.'s juvenile

---

[4] We note, while this new crime was charged as a misdemeanor, it still involved a violent act.

record, the court did not find J.N. had successfully completed his probation. The statutory scheme required "satisfactory completion." The juvenile court concluded that particular question could not be resolved in J.N.'s favor because of the new misdemeanor charge. A court does not abuse its discretion if its finding is "supported by substantial evidence" and is "not irrational or capricious." (See *In re A.V.*, *supra*, 11 Cal.App.5th, at p. 711.) Because this was still a debatable issue, the juvenile court committed no abuse of discretion when refusing to grant the section 786 request. (See *People v. Bryant, Smith and Wheeler*, *supra*, 60 Cal.4th, at p. 390.)

We note, J.N. is not without options. Because J.N. has already reached the age of 18, he could eventually petition the juvenile court to seal his records under section 781, subdivision (a)(1)(A).

## DISPOSITION

The order denying J.N.'s section 786 request to dismiss his delinquency petition and seal his juvenile records is affirmed.